## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COUNTY OF DUTCHESS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>3M COMPANY, f/k/a Minnesota Mining and Manufacturing Co., BUCKEYE FIRE EQUIPMENT COMPANY, CHEMGUARD, INC., TYCO FIRE PRODUCTS L.P., and NATIONAL FOAM, INC.,<br><br>*Defendants*. | Civil Action No. _____<br><br>NOTICE OF REMOVAL<br><br>JURY TRIAL DEMANDED |

Defendant 3M Company ("3M") by undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the Supreme Court of the State of New York, Dutchess County, to the United States District Court for the Southern District of New York. The grounds for removal are as follows:

1. Plaintiff County of Dutchess commenced this action by filing a Class Action Complaint And Demand For Jury Trial (the "Complaint") on October 12, 2018 in the Supreme Court of the State of New York, Dutchess County. The case was docketed with Index Number 2018-53225. *See* Ex. A.

2. Plaintiff served copies of the Complaint and summons on 3M on October 15, 2018. A true and correct copy of the Complaint and summons is attached hereto as Exhibit A.

3. No other process, pleadings, or orders have been served upon 3M.

4. All other Defendants consent to removal of this case to federal court, as reflected in the executed consent forms attached hereto as Exhibits B-E.

1

5. Thus, in accordance with 28 U.S.C. § 1446(b)(2)(A), all Defendants join in or consent to the removal of this action.

6. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of service of the Complaint and summons. Accordingly, removal is timely.

7. The time for 3M to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

8. Concurrent with the filing of this Notice, 3M is serving this Notice on Plaintiff's counsel and filing a copy of the Notice with the Clerk of the Supreme Court of the State of New York, Dutchess County.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 112(b) and 1441(a), because the United States District Court for the Southern District of New York is the federal judicial district and division embracing the Supreme Court of the State of New York, Dutchess County, where this action was originally filed.

10. By filing a Notice of Removal in this matter, 3M does not waive the rights of any Defendant to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and 3M specifically reserves the rights of all Defendants to assert any defenses and/or objections to which they may be entitled.

11. Moreover, 3M reserves the right to amend or supplement this Notice of Removal.

12. If any question arises as to the propriety of the removal of this action, 3M requests the opportunity to present a brief and requests oral argument in support of removal.

13. As shown below, this case is removable to federal court based on diversity jurisdiction under 28 U.S.C. § 1332(a). In the alternative, this case is removable to federal court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").

## THIS CASE IS REMOVABLE BASED ON
## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a).

14. Although most putative class actions are now removed—and as shown in ¶¶ 28-39 below, this case is removable—pursuant to CAFA, "[f]ederal diversity jurisdiction still exists for other class actions that satisfy the general diversity jurisdiction provision of § 1332(a)." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 n.4 (9th Cir. 2007). "CAFA does not supplant traditional diversity jurisdiction; it supplements it," and "the Court need not analyze whether removal is appropriate under CAFA" where a case is properly removed "pursuant to § 1332(a)." *Holt v. Noble House Hotels & Resort, Ltd.*, 2018 WL 539176, at *3 (S.D. Cal. Jan. 23, 2018).

15. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Diversity jurisdiction exists where, as here, (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the suit is between citizens of different states. *See Suttlehan v. MidFirst Bank*, 205 F. Supp. 3d 366, 368 (S.D.N.Y. 2016).

### A. There Is Complete Diversity of Citizenship.

16. "It is hornbook law" that in a putative class action, "complete diversity is required only between the named plaintiffs and the named defendants." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 162 (2d Cir. 1987); *accord, e.g.*, *Gilman v. BHC Securities, Inc.*, 104 F.3d 1418, 1421 n.3 (2d Cir. 1997) ("In a class action, there is diversity of citizenship if each named plaintiff is of diverse citizenship as to each defendant.").

17. The sole plaintiff named in the Complaint is the County of Dutchess, a county in New York State and a citizen of New York for purposes of diversity. *See Moor v. Cnty. of Alameda*, 411 U.S. 693, 717 (1973) ("[A] political subdivision of a State, unless it is simply the arm or alter ego of the State, is a citizen of the State for diversity purposes.") (footnote and internal quotation marks omitted); *Gershanow v. Cnty. of Rockland*, 2014 WL 1099821, at *5 n.15 (S.D.N.Y. Mar.

3

20, 2014) (citing *Moor* and holding that Rockland County, New York is a "New York citizen[] for the purposes of diversity jurisdiction"); *cf. Schiavone Constr. Co. v. City of New York*, 99 F.3d 546, 548 (2d Cir. 1996) ("The City of New York is, not surprisingly, a citizen of the State of New York.") (citing *Moor*).

18. The Complaint does not allege that any of the Defendants are citizens of New York. *See* Compl. ¶¶ 22, 25, 28, 31, 33.

19. Defendant 3M is not a citizen of New York. Rather, as alleged in the Complaint (¶ 22), 3M is a Delaware corporation with its principal place of business in Minnesota. Thus, 3M is a citizen of Delaware and Minnesota.

20. Defendant Buckeye Fire Equipment Company ("Buckeye Fire") is an Ohio corporation with its principal place of business in North Carolina. *See* Ex. B; *see also* Complaint ¶ 31 (same). Thus, Buckeye Fire is a citizen of North Carolina and Ohio.

21. Defendant Chemguard is not a citizen of New York. The Complaint alleges that Defendant Chemguard, Inc. ("Chemguard") is a Wisconsin corporation with its principal place of business in Wisconsin. Compl. ¶ 28. Chemguard is a Texas corporation with its principal place of business in Wisconsin. *See* Ex. C. Thus, Chemguard is a citizen of Texas and Wisconsin.

22. Defendant Tyco Fire Products L.P. ("Tyco") is a limited partnership. *See* Ex. D. As such, Tyco has the citizenship "of each of its general and limited partners." *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000). Tyco's partners are Central Sprinkler LLC and Fire Products GP Holding LLC. *See* Ex. D. These limited liability companies "ha[ve] the citizenship of [their] membership," *Handelsman*, 213 F.3d at 52, which (*see* Ex. D) is as follows:

a) Fire Products GP Holding, LLC is wholly owned by its single member, Central Sprinkler LLC.

  b)  Central Sprinkler LLC is wholly owned by its single member, Tyco International Management Company, LLC.

  c)  Tyco International Management Company, LLC is wholly owned by its single member, Tyco Fire & Security US Holdings LLC.

  d)  Tyco Fire & Security US Holdings LLC is wholly owned by its single member, Tyco Fire & Security (US) Management, Inc. A corporation's citizenship is determined by its state of incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1). Tyco Fire & Security (US) Management, Inc. is incorporated in Nevada, and its principal place of business is in New Jersey. Accordingly, Tyco is a citizen of Nevada and New Jersey.

  23.  Defendant National Foam, Inc. ("National Foam") is a Delaware corporation with its principal place of business in North Carolina. (*See* Ex. E); *see also* Complaint ¶ 33 (same). Thus, National Foam is a citizen of Delaware and North Carolina.

  24.  Because Plaintiff is a citizen of New York and Defendants 3M, Buckeye Fire, Chemguard, Tyco, and National Foam are not citizens of New York, complete diversity among the parties exists in this action.

**B. The Amount In Controversy Requirement Is Satisfied.**

  25.  The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also* 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy"). Where the complaint does not specify a precise dollar

5

amount sought, the Court may determine whether the amount-in-controversy requirement is satisfied based on a "fair reading" of the complaint. *Zido v. Werner Enters., Inc.*, 498 F. Supp. 2d 512, 514 (N.D.N.Y. 2006). While 3M denies that Plaintiff is entitled to any monetary or other relief, the amount in controversy here is plainly in excess of the jurisdictional minimum.

26.     In this action, Plaintiff is seeking to recover "damages incurred and to be incurred by the County in investigating, monitoring, remediating, and otherwise responding to the [alleged] PFOA/PFOS water contamination to stem the [alleged] threat to public health and the environment caused by defendants' AFFF products." Compl. ¶ 10. Plaintiff alleges that it "has incurred and will incur expenses in treating the contaminated water and infrastructure modifications to ensure each residential and commercial property is served clean and safe water," and that it "will also incur future sampling costs for PFOS and PFOS [*sic*] for the next fifty (50) years." *Id.* ¶¶ 20-21. *See also id.* ¶ 103 (alleging that damages sought "includ[e] the costs incurred and to be incurred in responding to the contamination to the water supply from AFFF containing PFOA and/or PFOS, including but not limit[ed to] capital costs expended on treatment systems along with piping and other modifications to the supply system, past and future operation and maintenance of the treatment system, engineering costs and sampling costs"); *id.* ¶¶ 112, 119, 125, 136. Plaintiff also seeks punitive damages (*id.* ¶¶ 143-46), as well as "attorney fees and costs" and "pre-judgment and post-judgment interest." *Id.* at 29 (Prayer For Relief).

27.     In short, the jurisdictional amount-in-controversy requirement under § 1332(a) is satisfied.

## IN THE ALTERNATIVE, REMOVAL IS PROPER UNDER CAFA

28.     In the alternative, removal is also proper pursuant to CAFA, which "vests district courts with original jurisdiction over class actions where: (1) the putative class is composed of at

least 100 members; (2) any class member is diverse from any defendant; and (3) the aggregate amount in controversy exceeds five million dollars, exclusive of interest and costs." *Brook v. UnitedHealth Grp., Inc.*, 2007 WL 2827808, at *2 (S.D.N.Y. Sep. 27, 2007) (citing 28 U.S.C. § 1332(d)(2)(A)); *see also Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (citing 28 U.S.C. § 1332(d)(2)-(6)).

29. The consent of all defendants to CAFA removal is not required. *See* 28 U.S.C. § 1453(b) ("such action may be removed by any defendant without the consent of all defendants"). Nevertheless, as noted above (*see* ¶¶ 4-5), all defendants served in this action consent to its removal.

**A. The Numerosity Requirement Is Satisfied.**

30. Plaintiff seeks to represent four putative classes: a "Community Public Water Suppliers Impacted Class," a "Noncommunity Public Water Suppliers Impacted Class," a "Private Water Suppliers Impacted Class," and a "Monitoring Class" composed of all Public Water Suppliers ("PWS") "that will conduct sampling in the future to ensure their water supply is free of PFOA and/or PFOS." Compl. ¶ 86.

31. The Complaint alleges that "the number of impacted PWS, upon information and belief, has reached the hundreds," and that "the number of PWS that require water monitoring is in the thousands." Compl. ¶ 90. Accordingly, this action satisfies the requirement for removal that "the number of members of all proposed classes in the aggregate" is equal to or greater than 100. *See Brook,*, 2007 WL 2827808, at *2; 28 U.S.C. § 1332(d)(5)(B).

32. The named Plaintiff invokes Article 9 of the New York Civil Practice Law and Rules, Section 901, and seeks to represent other persons on a class action basis as alleged in the Complaint. *See* Compl. ¶ 86.

33. Accordingly, this case is a "class action" within the meaning of CAFA because it is brought pursuant to a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *See* 28 U.S.C. § 1332(d)(1)(B).

**B. The Minimal Diversity Requirement Is Satisfied.**

34. This Court possesses "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2).

35. The named Plaintiff is a citizen of New York (*see supra*, ¶ 17) and 3M is a citizen of Delaware and Minnesota. *See supra*, ¶ 19; *see also* Compl. ¶ 22.

36. Accordingly, the minimal diversity requirement is satisfied.

**C. The Amount In Controversy Requirement Is Satisfied.**

37. Under CAFA, the amount in controversy must exceed five million dollars ($5,000,000), exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). In a putative class action, the amount in controversy is determined by aggregating the claims of all members of the putative class. *See* 28 U.S.C. § 1332(d)(6); *see also Henry v. Warner Music Group Corp.*, 2014 WL 1224575, at *2 (S.D.N.Y. Mar. 24, 2014) ("To satisfy the jurisdictional amount requirement under the CAFA, Defendants must demonstrate "to a 'reasonable probability' that the aggregate claims of the plaintiff class are in excess of $5 million." (quoting *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006))). "To determine the amount in controversy, courts first turn to the allegations of the complaint." *Abdale v. N. Shore-Long Island Jewish Health Sys., Inc.*, 2014 WL 2945741, at *5 (E.D.N.Y. June 30, 2014). But as noted above (at ¶ 25), the Supreme Court has made clear that

8

"a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554.

38.     As shown above (at ¶¶ 25-27), the amount in controversy for named Plaintiff Dutchess County's own claims plainly is in excess of $75,000, exclusive of interest and costs. Moreover, Plaintiff Dutchess County alleges that there are "hundreds," if not "thousands," of putative class members (*see* ¶ 31 above), that its "claims are typical of the claims of [putative] class members" (Compl. ¶ 93), and that "[t]he relief [it] seeks is typical of the relief sought for absent Class Members" (*id.* ¶ 95).

39.     Accordingly, although 3M denies that Plaintiff or any putative class members are entitled to recover any amount, and denies that Plaintiff or putative class members are entitled to any of the relief sought, it is apparent on the face of the Complaint that at the time of this removal, the aggregate amount in controversy is greater than five million dollars ($5,000,000), exclusive of interest and costs. Thus, the amount in controversy requirement for removal under CAFA is satisfied.

## CONCLUSION

40.     Because there is complete diversity of citizenship between Plaintiff Dutchess County and the Defendants, and because the amount in controversy for Plaintiff Dutchess County's claims exceeds $75,000, exclusive of interest and costs, this case is subject to removal on ordinary diversity grounds under 28 U.S.C. § 1332(a). In the alternative, this case is removable to federal court pursuant to CAFA.

WHEREFORE, Notice is given that this action is removed from the Supreme Court of the State of New York, Dutchess County, to the United States District Court for the Southern District of New York.

Dated:  November 14, 2018

By: */s/ Andrew J. Calica* _____
Andrew J. Calica
acalica@mayerbrown.com
Jordan Sagalowsky
jsagalowsky@mayerbrown.com
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2500
Facsimile: (212) 702-3498

*Counsel for Defendant 3M Company*